O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States,<br><br>    Plaintiff(s),<br><br>    v.<br><br>William J. Ferry,<br><br>    Defendant(s).<br>_____ | CASE NO. SACR 08-0176 DOC<br><br>**O R D E R DENYING DEFENDANTS' MOTION TO UNSEAL GRAND JURY RECORDS AND TRANSCRIPTS** |

Before the Court is Defendant William J. Ferry's ("Ferry" or "Defendant") Motion to Unseal and Disclosure of Grand Jury Records and Transcripts. After considering the moving, opposing and replying papers, as well as the parties' oral argument, and for the reasons that follow, the Court hereby DENIES Defendant's Motion.

**I.   BACKGROUND**

Defendant Ferry has been charged with conspiracy; aiding and abetting mail fraud; and aiding and abetting wire fraud in conjunction with a high yield investment program. Defendants have brought a motion to unseal the grand jury records and transcripts for Defendant Ferry. The United States has made the records requested by Defendants available to the Court for *in camera*

review in deciding this motion. The Court has reviewed these documents.

## II. LEGAL STANDARD

Generally grand jury proceedings are secret, including testimony that is supplied to grand jurors. However, several exceptions to that rule exist. Defendants bring their motion under the exception set forth in FEDERAL RULE OF CRIMINAL PROCEDURE 6(e)(3)(E)(ii) ("Rule 6(e)"). Rule 6(e) states in relevant part:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

Under *Pittsburgh Plate Glass Co. v. U.S.*, 360 U.S. 395 (1959), in order to warrant disclosure under this section, Defendants must demonstrate that a particularized need for disclosure of the grand jury materials exists that outweighs the policy of secrecy of grand jury proceedings.

## III. DISCUSSION

Defendants argue they have met the standard set forth in *Pittsburgh Glass* because the testimony of witness Walter Norton demonstrates that a ground may exist for a dismissal of the indictment. Defendants argue that Ferry's indictment was first presented to a grand jury with the testimony of both Agent Norm Embry and witness Walter Norton, and the jury did not return a true bill. They argue that Ferry's indictment was then again presented to a new grand jury using only Norm Embry without the testimony of Walter Norton, and the jury then did return a true bill. The defense argues that these inconsistent presentations to the grand jury are the basis for an allegation of misconduct that could lead to a dismissal of the indictment.

The documents that the Court has reviewed *in camera* confirm the government's position that the indictment was only presented to a grand jury once in 2008, at which point the grand jury returned a true bill. The Court notes that the decision to offer Mr. Norton's testimony outside of the context of an indictment was made before, not after, his testimony. Therefore, the

Court cannot infer that the testimony of Mr. Norton–which was presented before the 2007 grand jury but not in the context of an indictment presentation–can form the basis for allegations of prosecutorial misconduct that would justify disclosure. Defendants have not met the required showing under *Pittsburgh Glass Company*.

Defendants alternatively argue that the government had an obligation to disclose Mr. Norton's testimony to the 2008 grand jury that returned the true bill because it is exculpatory evidence. Defendants claim that the government is required to present all exculpatory evidence to grand juries under the Department of Justice's policy that "when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury." Reply at 3. Even assuming the legal validity of this argument, the Court has reviewed Mr. Norton's testimony and finds that the testimony is not exculpatory. Therefore, this theory also fall short of the showing required under *Pittsburgh Glass Company*.

Finally, Defendants argue that the grand jury testimony of Agent Embry should be disclosed because his involvement in the case is no longer secret. Reply at 2. Rule 6(e) provides for disclosure "only where a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Defendants' argument does not fit into the rubric of Rule 6(e)(3)(E)(ii) nor any of the other Rule 6(e)(3)(E) exceptions. Moreover, Defendant fails to offer a persuasive reason why the general policy of grand jury secrecy should be overridden simply because a witness's involvement in the case is now known.

**IV.    OUTCOME**

For the reasons stated above, Defendant's Motion is DENIED.

IT IS SO ORDERED.

DATED: November 2, 2009

*David O. Carter*
_____
DAVID O. CARTER
United States District Judge